

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 20, 1960

Mr. Raymond W. Vowell
Executive Director
Board for Texas State Hospitals
 & Special Schools
Austin, Texas

Opinion No. WW-888

Re:  Whether the Board for Texas
     State Hospitals and Special
     Schools, acting under Article
     666b, Vernon's Civil Statutes,
     and through the Board of Con-
     trol, may rent housing for
     the business manager of the

Dear Mr. Vowell:      Denton State School.

        You have requested our opinion as to whether the
Board for Texas State Hospitals and Special Schools, act-
ing in compliance with Article 666b of Vernon's Civil
Statutes, through the Board of Control, may furnish rent
housing for the business manager at Denton State School.

        Denton State School was established by the Board for
Texas State Hospitals and Special Schools under the author-
ity of Article 3871c of Vernon's Civil Statutes.  Acting
pursuant to Article 3871c and Section 10 of Article 3174b,
the Board has employed a business manager for Denton State
School.

        You state in your letter that the available funds for
the construction of buildings at Denton State School is
limited and for this reason, no living quarters for the
school personnel have been constructed at this time.

        Providing rent housing for the business manager of
the school involves an expenditure of state funds and con-
sequently legislative authority must exist in order that
such an expenditure be valid.

Section 44 of Article III of the Constitution of the State of Texas authorizes the Legislature to fix the salaries of State employees. Said section provides:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this constitution. . . ."

Senate Bill 43, Acts 56th Legislature, 1959, Regular Session, Chapter 85, Page 144, provides as follows:

"Section 1. The salaries of all state officers and all state employees, except the salaries of the District Judges and other compensation of District Judges, shall be for the period beginning September 1, 1959, and ending August 31, 1961, in such sums or amounts as may be provided for by the Legislature in the general appropriations Act. . . ."

In the General Appropriations Act, House Bill 4, Acts 56th Legislature, 1959, Third Called Session, Chapter 23, Page 467, the following appropriations have been made for the Denton State School:

|  | "For the Years Ending | |
|  | August 31, 1960 | August 31, 1961 |
| " . . . | | |
| "2. Business Manager (with house and utilities)............... | $ 1,725 | $ 6,900 |
| " . . . | | |
| "8. General operating expense (excluding salaries and other wages) including other operating expenses, maintenance, repairs, capital outlay, and travel expense for transfer of patients including cost of travel of employees escorting such patients and all other activities for which no other provisions are made................... | $42,614 | $141,920" |

Line Item 2 clearly evidences the intention of the Legislature to provide housing and utilities for the business manager of Denton State School at the expense of the State. Since there are no state owned housing facilities available for the business manager at Denton State School, the only method whereby the Board can, at this time, carry out the intent of the Legislature is by renting such housing facilities.

No specific appropriation has been made for the payment of rental for housing facilities for a business manager at Denton State School. In our opinion none is required.

The house and utilities to be furnished the business manager are not a part of his salary. They are something in addition thereto, an emolument or perquisite of his employment. That is to say, they are incident to the position of business manager, something gained from the employment above and beyond the salary or wage for services rendered. Therefore, the rental payments are a general operating expense properly payable from Line Item 8 of the appropriation to the Denton State School.

We have previously held in Attorney General's Opinion WW-760 (December 15, 1959) that the Texas Youth Council, under circumstances similar to those presented here, was authorized to rent housing for the business manager at Crockett State School for Girls.

Therefore, in our opinion, the Board for Texas State Hospitals and Special Schools is authorized to rent housing facilities for the business manager of Denton State School and may do so through the Board of Control in compliance with Article 666b, Vernon's Civil Statutes.

## S U M M A R Y

The Board for Texas State Hospitals and Special Schools has authority to rent housing for the business manager of Denton State School and may

do so by acting through the Board of
Control in compliance with Article
666b, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:mm


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. Arthur Sandlin
John C. Phillips
John L. Estes
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore